IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                                       22-CR-34-LJV

HORMOZ MANSOURI,

                Defendant.

---

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government adopts the findings of the Presentence Report with respect to sentencing factors except as to the calculation of the Sentencing Guidelines. The plea agreement differs from the Sentencing Guideline calculation in the Presentence Report in that the plea agreement did not apply the two-level enhancement in U.S.S.G. § 3B1.1(c) (role in the offense), and further applied the two-level reduction in U.S.S.G. § 4C1.1 (zero-point offender). By contrast, the Presentence Report applied the enhancement for the defendant's role in the offense and did not apply the reduction for certain zero-point offenders. Pursuant to United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate the calculation in the plea agreement.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

Restitution in the amount of $3,197,563.55 must be ordered by the Court.

The defendant has the ability to pay a fine in the Guideline range. The government urges the Court to impose a fine which is due immediately as the defendant has assets which may be used to pay the fine, is employed, or has failed to show an inability to pay the fine immediately.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Recovery Division
> U.S. Attorney's Office WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

DATED:   Buffalo, New York, April 4, 2025.

                MICHAEL DIGIACOMO
                United States Attorney

BY:   s/DAVID J. RUDROFF
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      716/843-5806
      David.Rudroff@usdoj.gov